424

## In re Noll

*Jean de B. Bertolet*, for Commonwealth.

*Henry M. Koch*, for Berks County.

SHANAMAN, J., May 18, 1942.—The receiver of the Reading National Bank & Trust Company filed his first and final account as guardian of Florence M. Noll, a weak-minded person. The Commonwealth of Pennsylvania has filed a claim for the care and maintenance of Florence M. Noll at the Wernersville State Hospital

from February 28, 1933, to February 28, 1941, in the sum of $2,293.26. The Berks County Institutional District has filed a similar claim for maintenance from February 1, 1933, to June 1941 in the sum of $1,317.35. The double claims arise because prior to the Act of October 11, 1938, P. L. 63, sec. 1, 50 PS §150, effective June 1, 1941, the Commonwealth and the county shared the expense of support of the patient. The assets available for distribution are insufficient to pay either claim in full.

The Act of June 22, 1931, P. L. 641, sec. 1, as amended by the Act of October 11, 1938, P. L. 63, sec. 1, 50 PS §150, provides as follows:

"All moneys whatsoever due from the estate of a mental patient, or the persons liable under existing laws for such patient's support, for the care and maintenance, including clothing, of such patient in a mental hospital owned and operated by the Commonwealth, shall be collected by the Department of Revenue, as collection agency for such institution, and shall be promptly transmitted by the Department of Revenue to the State Treasurer. For amounts due the Commonwealth from the counties, under existing laws, for the care and maintenance, including clothing, of the criminal insane in a mental hospital owned and operated by the Commonwealth, the Department of Revenue shall promptly, after the last day of each calendar month, transmit to the county commissioners of the several counties a certified account of the expenses of the care and maintenance, including clothing, of insane prisoners for such calendar month, together with an order payable to the Department of Revenue, drawn on the county commissioners of the county, who shall accept and promptly pay same to the Department of Revenue."

The phrase "all moneys whatsoever due from the estate of a mental patient" is identical with the language of the Act of June 22, 1931, P. L. 641, which

amended the Act of April 25, 1929, P. L. 700, sec. 4, by adding the word "whatsoever" and striking out the words "to the Commonwealth", which had followed the word "due". The intent to make the Commonwealth the sole collection agency appears sufficiently clear. The Commonwealth did not become solely liable for the support of the indigent patient until 1941. Nevertheless, as early as 1931, while the county poor district was still liable for a part of the maintenance (Act of July 11, 1923, P. L. 998, sec. 503) and while the primary liability lay, as it now does, upon the estate of the patient (id. sec. 503), the legislature made the Department of Revenue sole collector not merely, as before, of "moneys due the Commonwealth" but of all "moneys whatsoever" due from the patient's estate, for the support of the patient at a State hospital. See also Act of July 11, 1923, P. L. 998, art. V, sec. 505, and Act of April 25, 1929, P. L. 700, sec. 3, 50 PS §145. The only exception appears to be the expense of commitment and removal of one charged with crime or of a prisoner to or from a mental hospital.

"The county may recover such expenses from the estate of the person or prisoner, or from the person liable for his support, but not from any poor district": Act of July 11, 1923, P. L. 998, art. V, sec. 502, 50 PS §142.

The expense of the support of such patient would, as we have seen above, appear to be collectible only by the State Department of Revenue.

The statute does not in our opinion conclude or prevent the county from obtaining such credits from the Commonwealth as it may be entitled to by virtue of the payments represented by its claim. We hold simply that under the pertinent legislation the Department of Revenue of the Commonwealth is the proper collecting agency. After the Commonwealth has collected and received such moneys, the county or institutional district may present its claim to the proper authorities of

the Commonwealth. What disposition of the funds may subsequently become proper is not before the court at this time.

And now, to wit, May 18, 1942, it is ordered and decreed that the funds in the hands of the receiver available for distribution toward the care and maintenance of Florence M. Noll, at the Wernersville State Hospital, be paid to the Department of Revenue of the Commonwealth of Pennsylvania, as collection agency for the Wernersville State Hospital.